# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1060V
UNPUBLISHED

| | |
|---|---|
| DIANA HOPKINS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 19, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu);<br>Pneumococcal (PCV13); Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA). |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On August 21, 2020, Diana Hopkins filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration (SIRVA) as a result of the administration of influenza ("flu") and pneumococcal ("PCV13") vaccines on November 14, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 7, 2022, Respondent filed his Rule 4(c) report in which he **concedes** that Petitioner is entitled to compensation in this case because she suffered a SIRVA as defined by the Vaccine Injury Table. Respondent's Rule 4(c) Report at 1, 4-5. Specifically, Petitioner had no history of pain, inflammation, or dysfunction of the affected shoulder

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccination; Petitioner's pain began within 48 hours after vaccination; Petitioner's pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain Petitioner's left shoulder pain. *Id.* at 6. Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master